**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jaron D. Perkins, | No. CV-19-05914-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| JPMorgan Chase Bank NA, | |
| Defendant. | |

At issue are *pro se* Plaintiff Jaron D. Perkins's Complaint (Doc. 1, Compl.) and Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2). The Application does not contain sufficient information from which the Court can determine that Plaintiff is entitled to proceed without paying the Court's filing fees. Specifically, Plaintiff lists $0 for every item on the form, including his food and lodging expenses. Without more explanation or detail, the Court cannot rule on Plaintiff's Application. The Court will thus deny the Application but allow Plaintiff to file an Amended Application.

Even if the Court were to grant the Application, the Court finds that the Complaint fails to state claims upon screening it pursuant to 28 U.S.C. § 1915(e)(2). The Court will therefore dismiss the Complaint but allow Plaintiff to file an Amended Complaint.

## I. LEGAL STANDARDS

### A. 28 U.S.C. § 1915(e)(2)

For cases such as the present one in which a party asks to proceed *in forma pauperis*—that is, the party lacks the means to pay court fees—Congress provided that a district court

"shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis* proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

### B. Rule 8, Federal Rules of Civil Procedure

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). A dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. ANALYSIS

In the Complaint, Plaintiff appears to raise 12 claims against Defendant under the Fair Credit Reporting Act, but none of the 12 claims are delineated, and it is entirely unclear to the Court what the 12 claims are. The Court must dismiss the Complaint for this reason alone.

The Complaint also fails to state claims because, while it does contain factual allegations, no facts are associated with the alleged 12 claims under the Fair Credit Reporting Act, whatever they may be. To avoid dismissal, each claim must include sufficient factual allegations to support a cognizable legal claim.

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *See Lopez*, 203 F.3d at 1130. Because Plaintiff may be able to cure the defects in his Complaint by amendment, the Court will dismiss the Complaint without prejudice.

IT IS THEREFORE ORDERED denying Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), with leave to file an Amended Application by January 24, 2020.

IT IS FURTHER ORDERED dismissing Plaintiff's Complaint (Doc. 1) without prejudice. Plaintiff may file an Amended Complaint by January 24, 2020. Failure to timely file an Amended Application and Amended Complaint will result in dismissal of this action.

IT IS FURTHER ORDERED directing the Clerk of Court to dismiss this action if Plaintiff fails to file an Amended Application and Amended Complaint by January 24, 2020.

Dated this 3rd day of January, 2020.

Honorable John J. Tuchi
United States District Judge