**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jaron D. Perkins,<br><br>        Plaintiff,<br><br>v.<br><br>JPMorgan Chase Bank, NA,<br><br>        Defendant. | No. CV-19-05914-PHX-JJT<br><br>**ORDER** |

At issue is Defendant JPMorgan Chase Bank's Motion to Dismiss (Doc. 26, Mot.), to which *pro se* Plaintiff Jaron D. Perkins filed a Response (Doc. 28, Resp.) and Defendant filed a Reply (Doc. 29, Reply).

**I.     BACKGROUND**

In the Second Amended Complaint (Doc. 25, SAC), the operative pleading, Plaintiff alleges he discovered through examining his credit reports from Experian, Equifax, and TransUnion "on July 29, 2019 and again in August 2019, September 2019, October 2019 and November 2019," that his credit report included a debt he owed to Defendant, which debt he disputes. (SAC ¶ 1.) Plaintiff alleges he contacted Defendant repeatedly about the reported debt but received no response. Plaintiff also alleges he contacted the three credit reporting agencies "on May 25, 2019 to dispute the alleged account." (SAC ¶¶ 6-8.) Plaintiff claims his credit score has been adversely affected by Defendant's alleged reporting of the debt to the credit report agencies. As a result, Plaintiff filed this lawsuit raising claims against Defendant under the Fair Credit Reporting Act ("FCRA).

The Court entered an Order (Doc. 7) dismissing his original Complaint (Doc. 1) for failing to include any facts supporting Plaintiff's 12 claims under the FCRA. On Defendant's Motion (Doc. 12), the Court likewise dismissed Plaintiff's First Amended Complaint (Doc. 9) at the Rule 16 Case Management Conference (Doc. 21), for failure to allege sufficient facts supporting his FCRA claims. However, the Court allowed Plaintiff one more opportunity to amend the complaint to include sufficient non-conclusory factual allegations plausibly giving rise to an FCRA claim.

In the Second Amended Complaint (Doc. 25), Plaintiff raises three claims under the FCRA, including two under 15 U.S.C. § 1681s–2(a) and one under 15 U.S.C. § 1681s–2(b). Defendant now moves to dismiss this lawsuit under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## I.  LEGAL STANDARD

When analyzing a complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## III. ANALYSIS

At the outset, the Court notes that, in his Response, Plaintiff cites and applies an outdated Rule 12(b)(6) standard—the pre-*Iqbal* and *Twombly* notice pleading standard. Under the current standard, Plaintiff is incorrect that he need only provide notice of the nature of his claim to Defendant. (*See* Resp. at 3–4.) As the Court set forth above, to survive a Rule 12(b)(6) challenge, the complaint must contain sufficient non-conclusory factual allegations from which the Court can plausibly infer that Plaintiff has stated a legal claim for relief. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

In the Motion to Dismiss, Defendant first contends that Plaintiff cannot bring claims under § 1681s–2(a) against Defendant in its role as a furnisher of information to credit reporting agencies, and the Court agrees. The FCRA regulates creditors and other entities who furnish credit information to the agencies. 15 U.S.C. § 1681s–2. Under the FCRA, furnishers must report accurate information to the agencies and must investigate a consumer's dispute about reported information when an agency notifies a furnisher of a dispute. §§ 1681s–2(a), (b). Upon receiving notice, a furnisher has a statutory duty to investigate and correct the information, if necessary. § 1681s–2(b). If a furnisher fails to investigate, respond to, or correct the disputed information, then the FCRA provides a private right of action for the affected individual to sue the furnisher. *See* §§ 1681n, o; *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002).

Although the FCRA prohibits furnishers from providing inaccurate information to the agencies, it does not provide a private right of action to individuals for violations of that provision. *See* § 1681s–2(a); *Nelson*, 282 F.3d at 1059 (stating only federal or state officials may bring actions for § 1681s–2(a) violations). Under the statute, private actions for violations of the FCRA brought under § 1681o must address conduct violating § 1681s–2(b) as opposed to 2(a).

With those statutory provisions in mind, Plaintiff's claims against Defendant for violation of § 1681s–2(a) fail, because no such private right of action exists. The Court must therefore dismiss those claims with prejudice.

Defendant next argues that Plaintiff's claim under § 1681s–2(b) also fails because, while Plaintiff alleges he sent a notice of dispute of his debt to the credit reporting agencies, he does not allege that the agencies then notified Defendant of the dispute and that Defendant failed to investigate upon notice from the agencies—the process required by the provisions of the FCRA. The Court again agrees. Plaintiff simply alleges that he contacted Defendant repeatedly about the debt, not that the agencies contacted Defendant in the FCRA dispute process. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (stating "duties [under § 1681s–2(b)] arise only after the furnisher receives notice of dispute from a [credit reporting agency]; notice of a dispute received directly from the consumer does not trigger the furnishers' duties under subsection (b)"). Moreover, to the extent Plaintiff conclusorily alleges he contacted the agencies regarding a dispute, the allegations do not give rise to the plausible inference that his contact with the agencies was with regard to the alleged debt reported by Defendant; Plaintiff alleges he first discovered that debt on his credit reports on July 29, 2019 (SAC ¶ 1), but that he possesses a "U.S. Postal Service Certified Mail Return Receipt" dated May 25, 2019—two months before his alleged discovery of the subject debt—for the mailing of his notice of dispute to each of the agencies (SAC ¶¶ 6-8).

Defendant also correctly points out that, to survive Rule 12(b)(6) dismissal, Plaintiff must plead facts plausibly showing a colorable debt dispute that Defendant failed to report, since "a furnisher does not report 'incomplete or inaccurate' information within the meaning of § 1681s–2(b) simply by failing to report a meritless dispute, because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading." *Gorman*, 584 F.3d at 1163. In the Second Amended Complaint, Plaintiff does not allege any facts as to the nature or merit of his dispute of the debt allegedly reported by Defendant.

As a result, the Court must also dismiss Plaintiff's claim under § 1681s–2(b). The Court finds Plaintiff cannot cure the defects in his Second Amended Complaint by further amendment, and the Court therefore dismisses the claims in the Second Amended Complaint with prejudice. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

1    IT IS THEREFORE ORDERED granting Defendant's Motion to Dismiss (Doc. 26) and dismissing Plaintiff's claims with prejudice.

    IT IS FURTHER ORDERED directing the Clerk of Court to enter final judgment in this matter and close this case.

    Dated this 22nd day of September, 2020.

_____
Honorable John J. Tuchi
United States District Judge